UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CAROLYN RICHARDSON,**

    Plaintiff,

                              Case No. 04-CV-71902

v.

                              HONORABLE DENISE PAGE HOOD

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

**I.    INTRODUCTION**

This matter is before the Court on Magistrate Judge Mona K. Majzoub's Report and Recommendation dated June 14, 2005. On December 10, 2004, Plaintiff filed a Motion for Summary Judgment. The Defendant filed its Motion for Summary Judgment on February 2, 2005. Magistrate Judge Mona K. Majzoub issued a Report and Recommendation granting the Defendant's Motion for Summary Judgment and denying the Plaintiff's Motion for Summary Judgment. Plaintiff filed objections to Magistrate Judge Majzoub's Report and Recommendation on August 12, 2005. The Defendant filed its response on August 25, 2005.

**II.    STANDARD OF REVIEW**

    **A.    Report and Recommendation**

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court "may accept, reject or modify, in whole or in part,

the findings or recommendations made by the magistrate." Id.

In order to have preserved his right to appeal the Magistrate Judge's recommendation, Plaintiff was obligated to file objections to the Report and Recommendation within ten days of service of a copy, as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The Court granted Plaintiff's Motion to Extend Time For Filing Objections to Report and Recommendation on July 28, 2005. Plaintiffs filed timely objections to the Magistrate Judge's recommendation on August 11, 2005.

**B.    Summary Judgment**

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact. The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985). In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party. *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983). But as the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry to summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a

> showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

To create a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact. "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F. Supp. 495, 497 (E.D. Mich. 1993) (citations omitted).

### III.    APPLICABLE LAW & ANALYSIS

Plaintiff raises three objections to the Magistrate Judge's Report and Recommendation. Plaintiff asserts that (1) the Magistrate Judge, as well as the ALJ, failed to apply the requirements of SSI 96-7p, in stating specific reasons for the finding on credibility, (2) the Magistrate Judge, as well as the ALJ, improperly discounted Plaintiff's testimony regarding the effects of her medication, and (3) the Magistrate Judge failed to address inconsistent and illogical conclusions found in the ALJ opinion.

Regarding the first and second objections, that the Magistrate Judge and ALJ failed to state specific reasons for the finding on credibility, as required by SSR 96-7p, and that the Magistrate Judge and the ALJ improperly discounted Plaintiff's testimony regarding the effects of her medication, the Court finds that the Magistrate Judge properly found that the ALJ's decision was supported by substantial evidence. SSR 96-7p states:

3

> It is not sufficient for the adjudicator to make a single, conclusory statement that the individual's allegations have been considered or that the allegations are (or are not) credible. It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

SSR 96-7p (1996) (internal citations omitted).

Both the ALJ's opinion and the Magistrate Judge's Report and Recommendation contain specific reasons for the finding on credibility. *See* (Tr. 17 - 18), (Magis. Report and Recommendation, at 7 - 8). The ALJ and the Magistrate Judge both considered substantial medical evidence and Plaintiff's testimony in forming their opinions. The ALJ provided, in great detail, the physical limitations of the Plaintiff as a result of her injury. (Tr. 17 - 18). The ALJ also considered the Plaintiff's testimony regarding the effects of her medication. (Tr. 18). As stated in the Magistrate Judges's Report and Recommendation and the ALJ's opinion, some evidence was afforded less weight because: (1) "The record has failed to establish impairments of a severity which would be expected to result in such a diminished capacity for engagement in normal activities of daily living," (Tr. 18); (2) "There is no indication in the record of any underlying psychiatric disorder which would account for an enhancement of perception of pain or limitations," *Id.*; (3) the opinions of the State Agency physicians "are non-treating and non-examining sources and as such their opinions are given less weight than that of treating and examining sources;" *Id.*, and (4) "Plaintiff's medical records do not contain any complaints of excessive daytime sleepiness or drowsiness". (Magis. Report and Recommendation, at 8). Both the ALJ and the Magistrate Judge provided specific reasons for the finding on the credibility, which were supported by the evidence in the case as required by SSR 96-7p.

Regarding the Plaintiff's third objection to the Magistrate Judge's Report and Recommendation, upon review of the Magistrate Judge's Report and Recommendation and the ALJ's opinion, the Court finds that both the Magistrate Judge and the ALJ properly applied the five point analysis pursuant to 20 C.F.R. § 404.1520(a)-(e) and 20 C.F.R. § 416.920(a)-(e), and such determination is substantially supported by the evidence in the record.

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Mona K. Majzoub **[Docket No. 15]** dated June 14, 2005, is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment **[Docket No. 12, filed February 2, 2005]** is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment **[Docket No. 9, filed December 10, 2004]** is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Objections to Magistrate's Report and Recommendation of Cross Motions for Summary Judgment **[Docket No. 18, filed August 11, 2005]** are DENIED.

 s/ DENISE PAGE HOOD  
DENISE PAGE HOOD  
United States District Judge

DATED: September 27, 2005